17-2607-cv(L)
*In re Subpoenas Issued to JAMS, Inc. and Carol A. Wittenberg*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand eighteen.

**PRESENT:**   AMALYA L. KEARSE,
         JOSÉ A. CABRANES,
         RAYMOND J. LOHIER, JR.,

              *Circuit Judges.*

————————————————————————

IN RE SUBPOENAS ISSUED TO JAMS, INC. AND
CAROL A. WITTENBERG,

JANE DOE,

         *Appellant-Cross-Appellee,*

         v.                                                   17-2607-cv(L),
                                                             17-2764-cv(XAP)

JAMS INC.,

CAROL A. WITTENBERG,

*Movants-Appellees-Cross-Appellants.[1]*

---

**FOR APPELLANT-CROSS-APPELLEE:**      DAVID W. SANFORD (Andrew Melzer, Alexandra Harwin, *on the brief*), Sanford Heisler Sharp, LLP, New York, NY & Washington, DC.

**FOR APPELLEES-CROSS-APPELLANTS:**      WILLIAM E. WALLACE III, Capital Legal Group PLLC, Washington, DC.

Appeal from an order of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter is **REMANDED** to the District Court for response to this Court's inquiry.

This appeal is an offshoot of a discrimination and retaliation suit pending in the United States District Court for the District of Columbia. *See Jane Doe v. Proskauer Rose LLP,* No. 1:17-cv-00901-ABJ. The appellant-cross-appellee, Jane Doe, is a partner at Proskauer Rose. The parties had originally agreed to attempt to resolve the matter through mediation. The parties hired JAMS, located in the Southern District of New York, as the mediation firm, and Carol A. Wittenberg as the mediator (collectively, "appellees"). After two days of failed mediation, Doe filed her suit against Proskauer in the United States District Court for the District of Columbia.

The instant appeal arises from an order of the United States District Court for the Southern District of New York ("SDNY District Court") quashing two non-party subpoenas seeking from appellees the production of the confidential notes of Wittenberg. Doe claims that during one of the mediation sessions, a Proskauer representative made a statement that constitutes unlawful retaliation. Doe seeks to introduce the mediator's notes in her federal court action in support of her unlawful retaliation claim.

---

[1] The Clerk of Court is directed to amend the caption to read as set forth above.

The SDNY District Court granted appellees' motion to quash the subpoenas, and Doe appealed. At oral argument before this Court, held on April 18, 2018, appellees represented that they had effectively answered the subpoena by stating on the record below (and again during oral argument in the instant appeal) that they did not have any documents that were responsive to the subpoena.

Pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994), we hereby **REMAND** the case and instruct the SDNY District Court to conduct *in camera* review of Wittenberg's notes to determine whether appellees have in fact effectively responded to the subpoenas. The District Court is to also consider whether, based on the representations of appellees at oral argument and the District Court's review of the contents of Wittenberg's notes, this case is moot.

Any further appeal to this Court shall be heard by this same panel and may be initiated by filing a letter with the Clerk of the Court requesting reinstatement of this appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court